AMERICAN ACCESS CASUALTY COMPANY, Plaintiff-Appellee, v. FELICIA TUTSON, Defendant-Appellant.

First District (6th Division)   No. 1—09—2566

Opinion filed April 22, 2011.

James P. Crawley, of Marc J. Shuman & Associates, Ltd., of Chicago, for appellant.

Parrillo, Weiss & O'Halloran, of Chicago (Keely Hillison, of counsel), for appellee.

JUSTICE CAHILL delivered the judgment of the court, with opinion.

Justices McBride and R.E. Gordon concurred in the judgment and opinion.

## OPINION

The core issue in this case is whether section 143.1 of the Illinois Insurance Code (Code) (215 ILCS 5/143.1 (West 2006)) tolls a contractual limitation provision when the insured, Felicia Tutson, supplied the insurer, American Access Casualty Company, with information sufficient to constitute a proof of loss and American Access did not deny her claim within the two-year limitation period. We find that it does and that Tutson's demand for arbitration was timely filed. We reverse the trial court's order granting American Access's cross-motion for summary judgment and remand with directions.

On January 28, 2006, Tutson was a passenger in a car driven by Ronald Gates, who was insured under American Access's policy. They were involved in a hit-and-run traffic accident. Tutson was injured in the accident. Gates provided her with his insurance information.

Tutson filed a claim with American Access on February 2, 2006, and received a claim number. She forwarded the claim number to her attorney, who on April 13, 2006, sent a lien letter to American Access, notifying it of the claim. On April 21, 2006, American Access sent a letter to Tutson's attorney, acknowledging receipt of the lien letter and including an "Accident Report Form" that sought basic information about Tutson's claim. American Access did not identify the "Accident Report Form" as a proof of loss form. Tutson did not complete the "Accident Report Form" and return it to American Access.

About a year later, on March 19, 2007, American Access notified Tutson's attorney that it was in possession of the police report from the traffic accident. On May 14, 2007, Tutson's attorney provided American Access with her medical bills and records and made a written demand for payment of the policy's $20,000 limit. On May 23, 2007, American Access acknowledged receipt of the demand letter and asked Tutson to submit to an examination under oath required by the policy. American Access directed Tutson to contact the law firm of Parillo, Weiss & O'Halloran. On August 13, 2007, Tutson gave a sworn statement to an attorney from that firm.

On August 23, 2007, American Access sent a letter to Tutson's attorney, asking for the ambulance invoice and the name and unit numbers of the police officers and paramedics involved with Tutson's claim at the time of the accident. The letter said "[u]pon receipt of the requested information we will then be in a position to evaluate your client's personal injury claim." The letter also said "[a]t this time we are unable to accept or reject your demand" for payment of the policy's limit.

On November 16, 2007, Tutson's attorney gave American Access an itemized ambulance bill, a paramedics report and an "Incident Detail" from the Chicago fire department. The police report in American Access's possession identified the police officers involved and their beat and star numbers. American Access did not ask for more information or for the "Accident Report Form" during the remainder of the two-year limitation period. American Access also did not deny Tutson's claim during those two years.

On June 9, 2008, Tutson's attorney made a demand for arbitration under the policy. The demand was made after the expiration of the policy's two-year limitation period, which provides:

> **Legal Action Against the Company Under This Part B—'Uninsured Motorists' Coverage.** No suit, action or arbitration proceedings for recovery of any claim may be brought against this Company until the insured has fully complied with all the terms of this policy. Further, any suit, action or arbitration will be barred unless commenced within two (2) years after the date of the accident."

The policy also provides:

> **Arbitration.** If any person making claim hereunder and the Company do not agree that both the vehicle(s) and the driver(s) of the vehicle(s) with which any person making claim has had an accident, or do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury to an insured or damage to an automobile

described in the policy or do not agree to the amount payable hereunder, then these matters shall be submitted to arbitration."

American Access filed a complaint for declaratory judgment on August 12, 2008, arguing it was not obligated to arbitrate or settle Tutson's claim because she did not demand arbitration within two years of her accident as required by the policy. American Access sought a ruling that Tutson's claim was excluded under the terms of the policy and that it was not obligated to arbitrate or settle the claim. American Access did not raise Tutson's failure to return the "Accident Report Form" as a ground for the declaratory judgment.

Tutson filed a motion for summary judgment, arguing that she could not demand arbitration under the policy within the two-year limitation period because none of the three conditions precedent for arbitration outlined in the "Arbitration" section of the policy occurred. Tutson claimed that American Access did not express that it disagreed that she was in an accident, legally entitled to recover damages or that she was entitled to an amount payable. In the alternative, she maintained that section 143.1 of the Code (215 ILCS 5/143.1 (West 2006)) tolled the policy's two-year limitation period.

American Access filed a cross-motion for summary judgment, arguing that the conditions precedent for arbitration were satisfied and did not prevent Tutson from demanding arbitration within two years of the accident. American Access also argued that the two-year limitation period was not tolled by section 143.1 of the Code because Tutson did not file a proof of loss, the "Accident Report Form," as required by the policy.

The trial court denied Tutson's motion for summary judgment and granted American Access's cross-motion. Tutson appeals, raising the same two arguments she raised in her motion for summary judgment.

Summary judgment is appropriate if the pleadings, depositions and admissions on file show there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 2006). Summary judgment is a drastic measure and should be allowed only when the right of the moving party is clear and free from doubt. *Mydlach v. DaimlerChrysler Corp.*, 226 Ill. 2d 307, 311, 875 N.E.2d 1047 (2007). We review *de novo* a trial court order granting summary judgment. *Mydlach*, 226 Ill. 2d at 311.

Although Illinois law recognizes limitation periods as valid contractual provisions in an insurance contract (see, *e.g.*, *Affiliated FM Insurance Co. v. Board of Education*, 23 F.3d 1261, 1264 (7th Cir. 1994) (and cases cited therein)), section 143.1 of the Code is an important statutory restriction on such limitation provisions (*Hines v.*

*Allstate Insurance Co.*, 298 Ill. App. 3d 585, 588, 698 N.E.2d 1120 (1998)). Section 143.1 is designed to protect the consumer when an insurance policy contains a time limitation provision. *Trinity Bible Baptist Church v. Federal Kemper Insurance Co.*, 219 Ill. App. 3d 156, 160-61, 578 N.E.2d 1375 (1991). The intent of section 143.1 is to prevent an insurance company from sitting on a claim, allowing the limitation period to run and depriving an insured of the opportunity to litigate her claim in court. *Trinity Bible Baptist Church*, 219 Ill. App. 3d at 160-61.

Here, the policy's limitation provision requires that arbitration be "commenced within two (2) years after the date of the accident." Section 143.1 provides that "the running of such [limitation] period is tolled from the date proof of loss is filed, in whatever form is required by the policy, until the date the claim is denied in whole or in part." 215 ILCS 5/143.1 (West 2006).

The policy's proof of loss requirement provides:

> "**Notice.** In the event of an accident or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and address of the insured and of available witnesses, shall be given by or on behalf of the insured directly to the Company as soon as practicable."

Tutson argues that her demand for arbitration was not untimely because the policy's two-year limitation period was tolled by section 143.1 of the Code either on: (1) May 14, 2007, the date she sent American Access her medical bills and records; (2) August 13, 2007, the date she gave her sworn statement to an attorney chosen by American Access; or (3) November 16, 2007, the date her attorney provided American Access with an itemized ambulance bill, a paramedics report and an "Incident Detail" from the Chicago fire department. Tutson claims that this information was sufficient for American Access to identify the "particulars" of her claim as required by the "Notice" provision of the policy.

American Access responds that the policy's two-year limitation period was not tolled by section 143.1 of the Code because Tutson did not file a proof of loss, the "Accident Report Form," as required by the policy. Tutson first replies that American Access has waived this argument by failing to raise it in its complaint for a declaratory judgment.

Two cases provide some guidance for the application of section 143.1. In *Vole v. Atlanta International Insurance Co.*, 172 Ill. App. 3d 480, 481, 526 N.E.2d 653 (1988), the plaintiff notified the insurer of his loss on December 13, 1983, the date his insured horse was stolen.

Under his insurance policy, he was required to file suit within one year of the discovery of the occurrence giving rise to the claim or by December 13, 1984. *Vole*, 172 Ill. App. 3d at 482. The plaintiff filed a proof of loss form on June 21, 1984, and the insurer denied his claim the following month on July 23, 1984, almost five months before the time for filing the lawsuit expired. *Vole*, 172 Ill. App. 3d at 481-82. The plaintiff did not file his lawsuit until April 17, 1985. *Vole*, 172 Ill. App. 3d at 482. The Second District Appellate Court found that although under section 143.1 of the Code the one-year limitation period was tolled from the date the plaintiff filed a proof of loss, June 21, 1984, until the date the insurer denied his claim, July 23, 1984, his suit was still untimely because it was due on January 14, 1985. *Vole*, 172 Ill. App. 3d at 483.

In *Vala v. Pacific Insurance Co.*, 296 Ill. App. 3d 968, 969, 695 N.E.2d 581 (1998), the plaintiff made a claim against his policy "[s]hortly after" the date of his loss, June 8, 1994. Under his insurance policy, he was required to file suit within one year of the loss or by June 8, 1995. *Vala*, 296 Ill. App. 3d at 970. The plaintiff gave the insurer "some information" concerning his loss but the record did not show that he filed a written and sworn proof of loss. *Vala*, 296 Ill. App. 3d at 969-70. The insurer denied the claim on September 26, 1994, almost nine months before the time for filing the lawsuit expired. *Vala*, 296 Ill. App. 3d at 970. The insurer reinvestigated the claim and again denied it on November 14, 1994. *Vala*, 296 Ill. App. 3d at 970. The plaintiff did not file his complaint against the insurer until November 6, 1995. *Vala*, 296 Ill. App. 3d at 970. In finding that the plaintiff's suit was untimely, the Fourth District Appellate Court noted that "[t]he date on which any tolling of the limitations could have begun is not certain as no date is given in the record for when [the] plaintiff supplied defendant with information that could arguably be construed as a proof of loss." (Emphasis omitted.) *Vala*, 296 Ill. App. 3d at 972. The *Vala* court pointed out that even if the plaintiff had complied with his insurance policy's proof of loss requirement and the one-year limitation period was tolled under section 143.1 of the Code, his suit was still untimely because it was filed more than a year after his claim was first denied. *Vala*, 296 Ill. App. 3d at 971-72.

Unlike *Vole* and *Vala*, the insurer in this case never denied Tutson's claim within the two-year limitation period, nor did the insurer explain how it would be possible for Tutson to file a request for arbitration when there was, in the absence of a claim denial, nothing to arbitrate. Here, Tutson was injured on January 28, 2006. She notified American Access of her claim five days later. Under the insurance policy, she had two years to file for arbitration or January 28, 2008.

During those two years, Tutson gave American Access information about her loss sufficient to constitute proof of loss. The record shows that as of November 16, 2007, American Access was in possession of a police report from the accident, an itemized ambulance bill, a paramedics report, an "Incident Detail" from the Chicago fire department and Tutson's medical bills and records. Tutson also gave a sworn statement. This information was sufficient for American Access to identify the "particulars" of the loss as required by the policy's proof of loss "Notice" provision, and to either pay the claim or deny it.

Contrary to American Access's argument that Tutson was required to file the "Accident Report Form" as proof of loss, the policy's "Notice" provision does not describe a specific form or reference the "Accident Report Form." Rather, it requires only "written notice containing particulars sufficient to identify the insured" and the nature of the loss. We believe Tutson was in compliance with this provision no later than November 16, 2007.

We note that even if we were to conclude that Tutson did not file a proof of loss, American Access waived compliance with the proof of loss requirement. During the two-year limitation period, American Access never indicated to Tutson that her claim had been denied. In its August 23, 2007, letter to Tutson's attorney asking for the ambulance invoice and unit numbers of the police officers involved with the loss, American Access said "[u]pon receipt of the requested information we will then be in a position to evaluate your client's personal injury claim." Despite being in possession of that information, American Access did not deny Tutson's claim during the two-year limitation period. American Access also did not argue in its complaint for declaratory judgment that it was unaware of Tutson's claim nor did it raise her failure to complete the "Accident Report Form" as a ground for relief. Under these circumstances, American Access waived compliance with the proof of loss requirement. See *Tarzian v. West Bend Mutual Fire Insurance Co.*, 74 Ill. App. 2d 314, 326-27, 221 N.E.2d 293 (1966).

Section 143.1 of the Code tolls the running of a limitation period "from the date proof of loss is filed, in whatever form is required by the policy, until the date the claim is denied in whole or in part." 215 ILCS 5/143.1 (West 2006). As mentioned, Tutson complied with the policy's proof of loss provision on November 16, 2007. Section 143.1 tolled the two-year limitation period on that date until "the date the claim [was] denied in whole or in part" (215 ILCS 5/143.1 (West 2006)). See *Trinity Bible Baptist Church*, 219 Ill. App. 3d at 161 (tolling begins when the proof of loss has been filed as the insurer can conduct whatever investigation is necessary and then promptly pay or deny the claim). Because American Access never denied Tutson's claim, her

June 9, 2008, demand for arbitration was timely filed. This application of section 143.1 affords the insured the protection the legislature intended when passing section 143.1. See *Trinity Bible Baptist Church*, 219 Ill. App. 3d at 161. The trial court erred in granting American Access's cross-motion for summary judgment. Because of our disposition of this issue, we need not consider the other issue raised on appeal.

We reverse the summary judgment entered on behalf of American Access and remand for the entry of summary judgment on behalf of defendant Felicia Tutson on the declaratory judgment action.

Reversed and remanded.