2016 IL App (3d) 150080

Opinion filed June 2, 2016

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2016

| COUNTRY PREFERRED INSURANCE | ) | Appeal from the Circuit Court |
| COMPANY, | ) | of the 12th Judicial Circuit, |
| | ) | Will County, Illinois. |
| Plaintiff-Appellant, | ) | |
| | ) | Appeal No. 3-15-0080 |
| v. | ) | Circuit No. 09-MR-1122 |
| | ) | |
| TERRI J. WHITEHEAD, | ) | The Honorable |
| | ) | Theodore J. Jarz, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE LYTTON delivered the judgment of the court, with opinion.
Presiding Justice O'Brien and Justice Holdridge concurred in the judgment and opinion.

**OPINION**

¶ 1        In July 2007, defendant Terri Whitehead was involved in a motor vehicle accident with an uninsured driver in Wisconsin. In October 2009, Whitehead sent a written demand for arbitration to her insurer, plaintiff Country Preferred Insurance Company (Country Preferred), but did not provide the name of an arbitrator. Country Preferred denied the request as untimely and filed a declaratory judgment action against Whitehead, seeking a declaration that her arbitration demand was untimely because it was not made within the policy's two-year limitation provision. Whitehead filed a counterclaim for declaratory judgment and a new arbitration

demand that named an arbitrator. The parties filed cross-motions for summary judgment. The trial court granted Whitehead's motion for summary judgment, finding that her arbitration demand was timely because the policy's two-year limitation provision was tolled for several months. We affirm.

¶ 2                                          FACTS

¶ 3        On July 21, 2007, Whitehead was involved in a two-car motor vehicle accident in Wisconsin. The driver of the other automobile did not have insurance. Whitehead was insured by Country Preferred.

¶ 4        Section 2 of Whitehead's Country Preferred insurance policy addresses uninsured/underinsured motorist coverage. The pertinent provisions of that section provide:

> "3. Arbitration. If we and an insured disagree over whether that insured is
>
> legally entitled to recover damages from the owner or operator of an
>
> uninsured or underinsured motor vehicle or if agreement cannot be
>
> reached on the amount of damages, the insured must make a written
>
> demand for arbitration. When this is done, each party will select an
>
> arbitrator. ***
>
> * * *
>
> 7. Legal Action Against Us. No suit, action or arbitration proceedings for
>
> recovery of any claim may be brought against us until the insured has
>
> fully complied with all the terms of this policy. Further, any suit,
>
> action or arbitration will be barred unless commenced within two years
>
> from the date of the accident."

2

¶ 5     The policy also contains a section entitled, "General Policy Conditions." Contained within that section are the following instructions regarding "What To Do In Case of Accident or Loss":

> "If an insured is involved in a vehicle accident or loss covered by this policy, we must be notified immediately in writing by the insured or someone acting in the insured's behalf. That notice should include the names and addresses of any injured persons and any witnesses. A person seeking coverage must:
>
> a. cooperate with us in the investigation, or settlement or defense of any claim or suit;
>
> b. promptly send us copies of any notices or legal papers received in connection with the accident or loss;
>
> c. submit a sworn proof of loss when required by us;
>
> d. do whatever else is required in the Section of the policy which provides coverage for the loss, damage or injury."

¶ 6     Whitehead notified Country Preferred "within a few hours" of her July 21, 2007 motor vehicle accident. She was given a claim number, and a claim representative, Andrea Dunmore, was assigned to handle her claim. On October 17, 2007, Dunmore received a copy of the police report from the accident and sent a form entitled "Notice of Claim Uninsured Motorist Coverage Underinsured" to Whitehead to complete.

¶ 7     Whitehead completed the "Notice of Claim Uninsured Motorist Coverage Underinsured" form, which required her to provide details about the accident, as well as information about her injuries and lost income. Whitehead indicated on the form that she had missed work because of the accident from July 22, 2007 to August 15, 2007 and had $5,721.15 in "earnings lost as a

3

result of the accident." Whitehead signed the form and had it notarized on November 9, 2007. She returned the form to Country Preferred, and Country Preferred received the completed form on November 28, 2007.

¶ 8 From October 2007 to May 2009, Whitehead kept in contact with Dunmore, discussing her medical problems with her. On May 5, 2009, Whitehead's attorney, Lynn Hickey, sent a notice of attorney's lien letter to Country Preferred, notifying Country Preferred that she was representing Whitehead "who incurred injuries as a result of an uninsured motorist" and requesting a copy of Whitehead's Country Preferred insurance policy.

¶ 9 On October 6, 2009, Hickey sent Country Preferred a written demand for arbitration of Whitehead's uninsured motorist claim. The demand did not include the name of an arbitrator. On October 19, 2009, Country Preferred rejected Whitehead's demand for arbitration.

¶ 10 On October 30, 2009, Country Preferred filed a complaint for declaratory judgment alleging that Whitehead's arbitration demand was untimely. Two months later, Whitehead filed an answer and counterclaim for declaratory judgment and other relief. On July 19, 2010, Whitehead filed a new written demand for arbitration that included the name of an arbitrator. The next day, Whitehead filed a motion to compel arbitration. The trial court denied Whitehead's motion.

¶ 11 Whitehead filed an interlocutory appeal, and we reversed the trial court's denial of Whitehead's motion to compel, ruling that the insurance policy's two-year limitation violated public policy as applied to Whitehead because her accident happened in Wisconsin, where there is a three-year statute of limitations for tort claims. *Country Preferred Insurance Co. v. Whitehead*, 2011 IL App (3d) 110096. The supreme court reversed our decision, finding that the two-year limitation period in the insurance policy was valid and did not violate public policy,

4

and remanded the case to the trial court for further proceedings. *Country Preferred Insurance Co. v. Whitehead*, 2012 IL 113365.

¶ 12    On remand, Country Preferred filed a motion for summary judgment, arguing that Whitehead failed to timely request arbitration. Whitehead filed a cross-motion for summary judgment. The trial court denied Country's Preferred's motion for summary judgment and granted Whitehead's motion for summary judgment, finding that, pursuant to section 143.1 of the Illinois Insurance Code (Insurance Code) (215 ILCS 5/143.1 (West 2008)), "the two-year time limitation contained in the policy for demanding arbitration had been tolled by the ongoing claims process until the claim was denied [on] October 19, 2009."

¶ 13                                    ANALYSIS

¶ 14    Summary judgment is appropriate where the pleadings, depositions and admissions on file, together with any affidavits and exhibits, when viewed in the light most favorable to the nonmoving party, indicate there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2008). We review *de novo* an order granting summary judgment. *Pekin Insurance Co. v. United Contractors Midwest*, *Inc.*, 2013 IL App (3d) 120803, ¶ 22.

¶ 15    Illinois law recognizes limitation periods as valid contractual provisions in insurance contracts. *American Access Casualty Co. v. Tutson*, 409 Ill. App. 3d 233, 236 (2011). However, section 143.1 of the Insurance Code (215 ILCS 5/143.1 (West 2008)) is "an important statutory restriction on such limitation provisions." *Tutson*, 409 Ill. App. 3d at 236. Section 143.1 of the Insurance Code provides as follows:

> "Whenever any policy or contract for insurance *** contains a provision limiting
>
> the period within which the insured may bring suit, the running of such period is

5

tolled from the date proof of loss is filed, in whatever form is required by the policy, until the date the claim is denied in whole or in part." 215 ILCS 5/143.1 (West 2008).

¶ 16 Section 143.1 is designed to protect consumers when an insurance policy contains a time limitation. *Tutson*, 409 Ill. App. 3d at 237; *Trinity Bible Baptist Church v. Federal Kemper Insurance Co.*, 219 Ill. App. 3d 156, 160-61 (1991). The purpose of the provision is to prevent insurance companies from sitting on claims, allowing the limitations period to run and depriving insureds of their opportunity to litigate their claims in court. *Tutson*, 409 Ill. App. 3d at 237; *Trinity Bible Baptist Church*, 219 Ill. App. 3d at 160-61.

¶ 17 An insured's completion of a sworn proof of loss begins tolling under section 143.1 of the Insurance Code. See *Burress-Taylor v. American Security Insurance Co.*, 2012 IL App (1st) 110554, ¶ 15; *Vala v. Pacific Insurance Co.*, 296 Ill. App. 3d 968, 971 (1998); *Harvey Fruit Market, Inc. v. Hartford Insurance Co. of Illinois,* 294 Ill. App. 3d 668, 671-72 (1998); *Vole v. Atlanta International Insurance Co.*, 172 Ill. App. 3d 480, 483 (1988). Tolling ends when the insurer denies the claim. See *Burress-Taylor*, 2012 IL App (1st) 110554, ¶ 19; *Vala*, 296 Ill. App. 3d at 972; *Vole*, 172 Ill. App. 3d at 483. Until an insurer denies a claim, there is no reason for an insured to file a demand for arbitration because there is nothing to arbitrate. *Tutson*, 409 Ill. App. 3d at 238.

¶ 18 Here, Whitehead's Country Preferred policy required her to submit "a sworn proof of loss." Whitehead did that when she returned the completed, signed and notarized "Notice of Claim Uninsured Motorist Coverage Underinsured" form provided to her by Country Preferred, which contained information about the accident and her lost income claim. Tolling of the two-year limitations period began upon Country Preferred's receipt of that form on November 28,

6

2007, just over four months after Whitehead's accident. Tolling continued until Country Preferred rejected Whitehead's arbitration demand on October 19, 2009. See *Burress-Taylor*, 2012 IL App (1st) 110554, ¶ 19; *Vala*, 296 Ill. App. 3d at 972; *Vole*, 172 Ill. App. 3d at 483.

¶ 19        Whitehead first demanded arbitration on October 16, 2009, but did not include the name of an arbitrator in her demand. On July 19, 2010, she filed a new demand for arbitration that included the name of an arbitrator. As of July 19, 2010, at the latest, defendant fulfilled her requirements under the insurance policy by requesting arbitration and naming an arbitrator. See *Rein v. State Farm Mutual Automobile Insurance Co.*, 407 Ill. App. 3d 969, 974 (2011) (demand for arbitration must include name of arbitrator); *Buchalo v. Country Mutual Insurance Co.*, 83 Ill. App. 3d 1040, 1045 (1980) (same). Whitehead made her arbitration demand only nine months after Country Preferred rejected her claim and the tolling ceased.

¶ 20        While nearly three years passed between Whitehead's accident and her arbitration demand, almost two years of that period was tolled -- from November 28, 2007, to October 19, 2009. Subtracting the time that was tolled, only 13 months passed from the time of the accident to Whitehead's demand for arbitration. Because Whitehead made her arbitration demand well within the policy's two-year provision, the trial court properly granted her summary judgment.

¶ 21        The judgment of the circuit court of Will County is affirmed.

¶ 22        Affirmed.

7