2019 IL App (1st) 180655

SIXTH DIVISION
AUGUST 2, 2019

No. 1-18-0655

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| | ) | No. 13 CH 26150 |
| v. | ) ) | |
| MARICELA LEON, | ) ) | Honorable Michael T. Mullen, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.
Justice Connors concurred in the judgment and opinion.
Justice Harris dissented, with opinion.

**OPINION**

¶ 1     The plaintiff-appellee, State Farm Mutual Automobile Insurance Company (State Farm),

filed a declaratory judgment action in the circuit court of Cook County seeking a declaration that

there was no uninsured motorist coverage available to the defendant-appellant, Maricela Leon.

The circuit court entered a judgment in favor of State Farm, and Leon now appeals. For the

following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 2                              BACKGROUND

¶ 3     Leon had an uninsured motorist policy through State Farm (the policy). The policy

allowed Leon to seek coverage for any bodily injuries she suffered which were caused by

another driver who did not have insurance. The policy provided, in part:

"The insured must cooperate with us [(State Farm)] and, when asked, assist us in *** securing and giving evidence. *** Any person or organization making claim under this policy must, when we require, give us proof of loss on forms we furnish."

The policy further provided that there would be no coverage to the extent it benefits any workers' compensation coverage.

¶ 4     The "Legal Action Against Us" section of the policy provided that Leon must make any demands for arbitration within two years following the date of the accident. The policy provided that the limitation period "is tolled from the date proof of loss is filed for the specific coverage involved until the date claim for that coverage is denied in whole or in part."

¶ 5     On July 9, 2011, Leon was involved in an automobile accident in which she sustained bodily injuries (the accident). At the time of the accident, Leon was working as a driving instructor for Chavez Trucking. She was riding as a passenger in a 2008 Nissan Altima (the vehicle) and instructing Stephani Bernardo, who was driving the vehicle. The vehicle was owned by Cirinio Aguirre. During the driving instruction, Bernardo lost control of the vehicle and struck a brick wall. Through her counsel, Leon then submitted an uninsured motorist claim to State Farm for coverage for her bodily injuries.

¶ 6     State Farm then began an investigation into Leon's claim and sent a letter to Leon's counsel requesting specific details and documents surrounding the accident. Leon's counsel submitted the police report from the accident, as well as a letter from Chavez Trucking's insurer, Progressive Insurance Company (the Progressive letter). The Progressive letter, which was addressed to Chavez Trucking, explained that Chavez Trucking's policy did not cover bodily injuries sustained by its employees. The Progressive letter stated: "As [Leon] is an employee of

Chavez Trucking and was injured during course and scope of employment, we cannot find coverage for this loss and must respectfully deny any payment."

¶ 7 On October 2, 2011, State Farm sent a letter to Leon's counsel, which stated:

> "It is questionable whether [Leon] is entitled to benefits either payable or required to be paid under any Worker's Compensation Law, so as to exclude coverage under the policy with respect to a claim for such injuries. For this reason, and for any other reasons which may become known, [State Farm] reserves all its rights under the policy, including the right to deny coverage in its entirety."

¶ 8 Two days later, State Farm sent another letter to Leon's counsel. The letter requested a recorded statement from Leon and asked her counsel to contact the claim representative to "coordinate a date and time for this to happen." The letter also stated that State Farm was "looking for written verification that there is no workers['] compensation insurance covering [Leon] for this loss." The letter concluded: "Please provide us with this information when you can."

¶ 9 Leon's counsel responded to State Farm by again submitting a copy of the Progressive letter. State Farm subsequently sent another letter to Leon's counsel; this letter requested "written documentation establishing there is no insurance coverage for the driver of the *** vehicle, Stephani Bernardo and also the owner of the vehicle, Cirinio Aguirre."

¶ 10 A few days later, State Farm sent another letter to Leon's counsel stating that "there will be a delay in concluding [Leon's claim]" pending written verification that there would be no workers' compensation insurance covering the loss, written verification as to whether Bernardo

and Aguirre had insurance covering the loss, and a recorded statement from Leon. State Farm never received any of the requested information from Leon.

¶ 11    Six months later, on April 5, 2012, State Farm sent another letter to Leon's counsel. The letter asked for "the status of our requests" for the "information as itemized" in the previous letters. The letter again listed the requested information. The letter concluded: "If we do not hear from you within 30 days, we will assume you are no longer interested in pursuing a claim for your client *** and we will close our file."

¶ 12    State Farm did not receive a response from Leon or her counsel. On May 7, 2012, State Farm sent a letter to Leon's counsel stating that it was closing the file because it had not received a response to its prior letter.

¶ 13    State Farm did not hear from Leon or her counsel again until over a year later. Meanwhile, the two-year limitation period in which to demand arbitration expired on July 9, 2013.

¶ 14    On August 2, 2013, Leon's counsel sent a letter to State Farm asking for clarification in regard to the " 'written verification' requested in relation to no other applicable insurance." The letter also stated that Leon's counsel would be "delighted to produce" Leon for a recorded statement.

¶ 15    That same day, State Farm faxed a letter to Leon's counsel stating that, pursuant to the policy, the two-year limitation period to demand arbitration had expired. The letter stated that State Farm would "no longer be able to consider a claim under the uninsured [motorist] coverage." Minutes later, Leon's counsel faxed a letter back to State Farm making a demand for arbitration.

¶ 16    State Farm then filed a complaint for declaratory judgment against Leon. The complaint sought a declaration that there was no uninsured motorist coverage available to Leon because she did not demand arbitration within two years following the date of the accident. The complaint sought, in the alternative, a declaration that there was no uninsured motorist coverage available to Leon because she had not submitted sufficient evidence that the vehicle and/or driver involved in the accident were uninsured and that she was not entitled to workers' compensation benefits. Leon answered the complaint by arguing that she had provided State Farm with a sufficient proof of loss, which tolled the time she could file a demand for arbitration, rendering her demand timely.

¶ 17    A bench trial commenced. Woo Kang, an automobile field claim specialist who has worked for State Farm for 19 years, testified. Kang testified that although the policy mentioned proof of loss forms, there has never been a proof of loss form for uninsured motorist claims because those kinds of claims require obtaining different types of information verbally and in writing from the insured. Kang noted that the policy did not explicitly define "proof of loss" but explained that, in the context of an uninsured motorist claim, "proof of loss" means proof that there is "no applicable liability coverage available to whoever the at-fault driver is or any source of liability coverage." This also includes workers' compensation or any other "avenue for collection for the injured" party.

¶ 18    Kang testified that while State Farm did receive copies of the police report and the Progressive letter, neither document provided all of the information needed to investigate Leon's claim. Specifically, the Progressive letter failed to state whether Progressive provided any liability coverage to the driver of the vehicle, Bernardo. Kang further noted that neither document stated whether the owner of the vehicle, Aguirre, had any liability coverage or whether

Leon was entitled to any workers' compensation. Kang testified that State Farm sent several letters to Leon's counsel requesting that information, as well as a recorded statement from Leon, but never received any response.

¶ 19    On cross-examination, Kang clarified that the existence of workers' compensation coverage would not completely exclude coverage but rather would reduce the amount so as to cover only what the workers' compensation did not. Kang agreed that the phrase "please provide this information when you can" from one of State Farm's letters was vague and "theoretically" could include a date more than two years after the accident, but he assumed that it would mean to submit the requested information "sooner rather than later."

¶ 20    Leon did not present any witnesses or evidence. During closing arguments, Leon cited not only to the tolling clause in the policy but also to section 143.1 of the Illinois Insurance Code (Insurance Code), which similarly tolls the time an insured may bring legal action once proof of loss has been filed. 215 ILCS 5/143.1 (West 2014). Leon argued that she had filed a sufficient proof of loss, which triggered the tolling provisions and rendered her demand for arbitration timely.

¶ 21    Following closing arguments, the court stated:

> "State Farm made repeated requests for information relative to the
> insurance coverage that [Leon] may have in the way of workers'
> compensation coverage, insurance coverage that might be available
> to the owner of the vehicle[,] as well as insurance coverage that
> [might] be available to the driver of the vehicle.
>
>        ***

The whole point of an [uninsured] claim is that there is a situation where there is [no insurance]. So the question is: Was the information that was initially filed by [Leon], that being the police report and the letter from Progressive, did that constitute proof of loss?

* * *

I also recognize that [State Farm's] policy does not specify what a proof of loss is; however, what was submitted to State Farm, that being the police report and the [Progressive letter], does not establish proof of loss. ***.

Based upon my review of the policy as a whole, the limited information that was provided simply does not constitute proof of loss. I believe that my conclusion is not only supported by my interpretation of the entire policy but also based upon the credible testimony of Mr. Kang[,] as well as the correspondence that was generated by State Farm indicating that there was insufficient information to go forward with the claim ***. *** I will also note that this is not a situation where State Farm lulled [Leon] into a sense of complacency."

¶ 22 The court concluded that Leon did not file a sufficient proof of loss to trigger the tolling provision of either the policy or section 143.1 of the Insurance Code. Consequently, the court held that Leon's August 2, 2013, demand for arbitration was untimely. The court entered a judgment in favor of State Farm on its declaratory judgment action. This appeal followed.

¶ 23                                    ANALYSIS

¶ 24    We note that we have jurisdiction to review this matter, as Leon filed a timely notice of appeal. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017).

¶ 25    Leon presents the following sole issue on appeal: whether the trial court erred in entering a declaratory judgment declaring that there was no uninsured motorist coverage available to Leon because her demand for arbitration was untimely. Leon argues that she filed a sufficient proof of loss, which triggered the tolling provisions and rendered her demand for arbitration timely. Specifically, Leon claims that the police report and the Progressive letter provided State Farm with all of the necessary information to investigate her claim. She notes that the police report included the contact information for the driver and owner of the vehicle and argues that State Farm could have requested their insurance information directly from them. Leon also claims that State Farm "did absolutely nothing to investigate" the claim and instead "sat on it," lulling Leon into complacency and allowing the limitation period to expire. Leon additionally argues that the phrase "please provide this information when you can" in one of State Farm's letters is "extremely vague." Leon claims that "when you can" "theoretically could include a date more than two years after the accident," meaning that Leon could submit the information, including a demand for arbitration, more than two years after the date of the accident. Leon alternatively argues that State Farm waived the proof of loss requirement because State Farm never furnished a proof of loss form to Leon and the policy does not otherwise define "proof of loss."

¶ 26    The Illinois declaratory judgment statute provides, in pertinent part:

        "(a) No action or proceeding is open to objection on the ground

        that a merely declaratory judgment or order is sought thereby. The

court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination, at the instance of anyone interested in the controversy, of the construction of any statute, municipal ordinance, or other governmental regulation *** and a declaration of the rights of the parties interested." 735 ILCS 5/2-701(a) (West 2014).

We review a decision granting or denying a declaratory judgment for abuse of discretion. *Young v. Mory*, 294 Ill. App. 3d 839, 844 (1998). An abuse of discretion occurs where no reasonable person would take the view adopted by the trial court. *Hale v. Odman*, 2018 IL App (1st) 180280, ¶ 25.

¶ 27 Here, the trial court entered a declaratory judgment in favor of State Farm based on the expiration of the limitation period to demand arbitration. Illinois law recognizes limitation periods as valid contractual provisions in insurance contracts. *Country Preferred Insurance Co. v. Whitehead*, 2016 IL App (3d) 150080, ¶ 15. However, section 143.1 of the Insurance Code restricts such limitation provisions and tolls the running period for an insured to bring a legal action once proof of loss has been filed. 215 ILCS 5/143.1 (West 2014). "The purpose of [section 143.1] is to prevent insurance companies from sitting on claims, allowing the limitations period to run and depriving insureds of their opportunity to litigate their claims in court." *Whitehead*, 2016 IL App (3d) 150080, ¶ 16.

¶ 28 We initially address Leon's argument that State Farm waived the proof of loss requirement because State Farm never furnished Leon with any proof of loss forms. The policy

states "Any person or organization making claim under this policy must, *when we require*, give us proof of loss on forms we furnish." (Emphasis added.) State Farm never required Leon to provide a proof of loss form. Indeed, Kang testified that there is no such form for uninsured motorist claims because the nature of those claims does not lend itself to standardized forms. Leon also argues that the policy does not define "proof of loss" and so State Farm has waived the proof of loss requirement. This argument is frivolous. The plain meaning of proof of loss for an uninsured motorist claim would be proof that there is no other insurance available to cover the insured's claim. See *McDonald v. American Family Mutual Insurance Co.*, 251 Ill. App. 3d 354, 356 (1993) (a proof of loss fulfills the purpose of providing the insurer the opportunity to investigate the claim); see also *Luechtefeld v. Allstate Insurance Co.*, 167 Ill. 2d 148, 152 (1995) (the purpose of uninsured motorist insurance is to place the insured policyholder in substantially the same position she would occupy if the uninsured driver had been insured). We therefore reject this argument by Leon.

¶ 29    The thrust of Leon's argument is that she filed a sufficient proof of loss that tolled the limitation period for her to demand arbitration. In support, she directs us to *American Access Casualty Co. v. Tutson*, 409 Ill. App. 3d 233 (2011), in which this court held that the limitation period for the insured to demand arbitration for her uninsured motorist claim had tolled. Leon's reliance on this case is misplaced. In *Tutson*, this court found that the insured had submitted a sufficient proof of loss, including a sworn statement, by which the insurer could identify the particulars of the loss as required by the insurance policy. *Id.* at 238-39. Unlike *Tutson*, it is evident that Leon in the instant case did not file a sufficient proof of loss pursuant to the policy.

¶ 30    Leon submitted the police report from the accident and the Progressive letter to State Farm, but neither of those documents provided State Farm with the relevant information it

needed to investigate Leon's claim. The Progressive letter stated that Leon's injuries would not be covered through *Chavez Trucking's insurance policy*, but it did not indicate whether the vehicle's *driver or owner* had any applicable insurance coverage. The contact information for the driver and owner in the police report was inadequate information, as State Farm requested the specific insurance-related documentation *from Leon*. We note that the policy required Leon to cooperate with State Farm and assist in "securing and giving evidence." The police report and the Progressive letter also did not indicate whether Leon was entitled to any workers' compensation in accordance with the policy. And it is undisputed that Leon did not submit any other documents or a recorded statement to State Farm. Thus, Leon did not file a sufficient proof of loss to toll the limitation period.

¶ 31 We are not persuaded by Leon's argument that State Farm "sat" on her claim, lulling her into a sense of complacency and letting the limitation period expire. The record demonstrates that State Farm repeatedly requested the necessary information from Leon during the two years following the accident. State Farm continually notified Leon's counsel that more information was needed in order to move forward with her claim. Yet, nothing was provided. Indeed, some of State Farm's letters to Leon's counsel went unanswered.

¶ 32 Likewise, Leon's argument that State Farm's request to "please provide this information when you can" "theoretically could include a date more than two years after the accident" is illogical. The policy made clear that Leon *must* bring any legal action against State Farm within two years following the date of an accident. It necessarily follows that any requested information must be submitted within that same time frame. Nothing in any of State Farm's letters, including the phrase "when you can," signified that the two-year limitation period had changed.

¶ 33    Accordingly, the trial court did not abuse its discretion in entering a declaratory judgment declaring that there was no uninsured motorist coverage available to Leon because her demand for arbitration was untimely.

¶ 34                            CONCLUSION

¶ 35    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 36    Affirmed.

¶ 37    JUSTICE HARRIS, dissenting:

¶ 38    The majority notes Leon's citation of *American Access Casualty Co. v. Tutson*, 409 Ill. App. 3d 233 (2011), for the proposition that the limitation period for demanding arbitration had tolled. The majority distinguishes *Tutson* on the grounds that the insured in that case submitted a sufficient proof of loss while Leon did not.

¶ 39    However, this court found in *Tutson* that "*even if we were to conclude that Tutson did not file a proof of loss*, American Access waived compliance with the proof of loss requirement. During the two-year limitation period, American Access never indicated to Tutson that her claim had been denied." (Emphasis added.) *Tutson*, 409 Ill. App. 3d at 239. "[T]he insurer [did not] explain how it would be possible for Tutson to file a request for arbitration when there was, in the absence of a claim denial, nothing to arbitrate." *Id.* at 238.

¶ 40    Here, in various letters, State Farm requested information from Leon's counsel and stated that " 'there will be a delay in concluding' " Leon's claim. *Supra* ¶¶ 9-11. State Farm then sent Leon's counsel letters stating " 'we will close our file' " if the information was not received and then "stating that it was closing the file because it had not received a response to its prior letter." *Supra* ¶¶ 11-12. State Farm sent a letter to Leon's counsel stating unambiguously that it would

" 'no longer be able to consider a claim,' " but it did so after two years had passed from Leon's accident and her claim to State Farm. *Supra* ¶ 15.

¶ 41    I would find that State Farm did not indicate to Leon within the two-year limitation period that her claim was *denied*. A closed file can be opened, and it is eminently reasonable to construe State Farm closing its file on Leon's claim as its assertion that it would merely not advance the claim or process it further, which in turn is consistent with State Farm's earlier notice of "a delay" in processing Leon's claim. Indeed, the file-closure letter of May 7, 2012, stated that the file would be reopened if the requested information was provided.

¶ 42    I consider this case to be governed by *Tutson*, specifically its holding that the insurer waived compliance with the proof of loss requirement by not communicating a denial of the claim within the two-year limitation period. As in *Tutson*, Leon could not request arbitration of the denial of her claim until State Farm denied it. Notably, Leon's counsel sent State Farm an arbitration demand the same day as State Farm finally communicated that it was "no longer *** able to consider a claim." *Supra* ¶ 15. I therefore respectfully dissent from the majority's determination to affirm the trial court's declaratory judgment. I would reverse and direct the trial court to vacate the declaratory judgment in favor of State Farm.

---

**No. 1-18-0655**

---

| | |
|---|---|
| **Cite as:** | *State Farm Mutual Automobile Insurance Co. v. Leon*, 2019 IL App (1st) 180655 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 13-CH-26150; the Hon. Michael T. Mullen, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James M. Urtis, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Bruce Farrel Dorn & Associates, of Chicago (Ellen J. O'Rourke, of counsel), for appellee. |

---