[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-12459

Non-Argument Calendar

————————————————

GREGORY PARSLEY, DDS,

Plaintiff-Appellant,

*versus*

GREAT-WEST LIFE AND ANNUITY INSURANCE CO.,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cv-60800-AHS

————————————————

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Gregory Parsley, proceeding *pro se*, appeals the district court's dismissal of his civil complaint for breach of contract as time-barred. After review, we affirm.

## I.    Background

On April 16, 2022, Parsley, through counsel, filed a civil complaint against Great-West Life and Annuity Insurance Company ("Great-West") in Florida state court. The complaint alleged the following. Great-West serviced disability insurance policies, including Parsley's policy. Parsley's disability policy was intended "to compensate [Parsley] on a monthly basis should he suffer a total disability due to injuries or sickness." On July 19, 2013, Parsley filed a claim for benefits with Great-West asserting that he was disabled due to end-stage kidney failure. After Great-West denied the claim, Parsley appealed; Great-West denied the appeal on March 1, 2014. Parsley then filed a second appeal, which Great-West denied on November 19, 2014.[1] Almost five years later, Parsley filed a third appeal, which was denied on March 7,

---

[1] Parsley alleged that neither the March or the November 2014 denial was designated as a "final denial or decision."

22-12459               Opinion of the Court                    3

2019.[2]   Parsley then waited over three years before filing the underlying complaint in Florida state court.

Parsley alleged that under the insurance contract Great-West owed him monthly payments and interest from "August 2011 and going forward to age 65" because it failed to honor its obligations under the terms of the contract. He asserted that Great-West breached the implied contractual covenant of good faith, fair dealing, and commercial reasonableness. Parsley sought judgment awarding all contract benefits plus interest, costs, and attorney's fees.

Parsley attached a copy of the insurance policy to the complaint. In relevant part, the policy provided that if an insured disagreed with Great-West's benefit determination, the insured could appeal the decision by sending a notice of appeal along with certain other information to Great-West. Great-West would then notify the insured of its "written final decision . . . within 60 days of [Great-West's] receipt" of the insured's appeal. Furthermore, the policy prohibited the insured from instituting any legal action "(1) prior to the date of [Great-West's] final decision on the appeal; nor (2) more than three years after the date of the Company's final decision on the appeal." Finally, the policy contained a choice-of-

---

[2] In his complaint, Parsley alleged that the third appeal was denied on April 15, 2019, but in his response to the motion to dismiss, he conceded that the third appeal was in fact denied on March 7, 2019. He also acknowledged that he had a fourth appeal that was denied on April 15, 2019.

law provision, providing that all policy-related disputes between the insured and Great-West were governed by Illinois law.

Great-West removed the case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Great-West then moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the claim was time-barred by the policy's language that prohibited an insured from initiating a legal action "more than three years after the date of the Company's final decision on the appeal." Great-West asserted that it issued its final decision on March 31, 2014 when it denied Parsley's first appeal.[3] Therefore, pursuant to the policy's terms, Parsley had until March 31, 2017, to initiate legal action, and his April 1, 2022, complaint came too late. Moreover, Great-West asserted that even if the limitations period ran from the date of Great-West's denials of the second appeal on November 19, 2014, or the third appeal on March 7, 2019, the suit was still time-barred.

In support of its motion to dismiss, Great-West attached the denial letters it sent Parsley on March 31, 2014, November 19, 2014, and March 7, 2019. The March 2014 letter explained that it had "reviewed [Parsley's] entire claim file as well as Great-West's

---

[3] In response to Parsley's contention that the March 2014 letter denying Parsley's first appeal and the subsequent November 2014 letter denying the second appeal were not formally designated as a "final denial or decision," Great-West argued that nothing in the policy required Great-West's letters to include such language. Furthermore, Great-West argued that nothing in the letters indicated that Parsley's claim remained open or that Great-West was going to continue investigating the claim.

administrative records under the ADA Income Protection Plan in order to address the current status of [Parsley's] coverage and provide a comprehensive response to [his] appeal for disability income benefits." Great-West then explained that Parsley's coverage under the policy ended on July 1, 2011, on the day he "became unemployed following closure of the dental offices in which [he] worked." And because his coverage terminated July 1, 2011, "there [were] no benefits available for total disability commencing December 2011. . . . As such, Great-West has no alternative but to maintain its denial of benefits on the grounds that no coverage was in effect at the time total disability commenced. . . ."

The November 2014 letter stated that Great-West had reviewed Parsley's appeal "dated October 30, 2014," along with the new evidence he submitted, but its determination "remain[ed] unchanged." Great-West explained that it "[had] no alternative but to maintain [its] denial of benefits based on the fact there was no coverage in effect at the time [Parsley's] total disability commenced, whether that was August, September or December of 2011."

The third letter dated March 7, 2019, was directed to Parsley's counsel. It provided that Great-West had reviewed a letter from Parsley's counsel "dated February 11, 2019, along with attachments referencing [Parsley's] prior medical treatment," but Great-West "respectfully decline[d] to re-open the claim." Additionally, in this letter, Great-West provided a detailed

background of Parsley's claim, including that "Great-West issued a final decision in response to [Parsley's] appeal in a letter dated November 19, 2014."

Parsley, through counsel, opposed Great-West's motion to dismiss. He acknowledged that Great-West denied his third appeal on March 7, 2019, and he conceded that his claim was subject to "the 3-year statute of limitation" in the policy. Nevertheless, he argued that the limitations period ran from a fourth letter he received on April 15, 2019. He maintained that "it [was] improper to attempt to resolve the statute of limitations issue without the benefit of additional discovery" and that the issue of which of the letters constituted Great-West's final decision was "a matter to be clarified with discovery and potentially expert witness testimony regarding finality and what is common in the industry." Parsley attached the April 15, 2019, letter to his response. Like the previous letter, this one was addressed to Parsley's counsel, and stated that Great-West had received counsel's "correspondence dated April 8, 2019" but it

> remain[ed] convinced that the final decision reached regarding Dr. Parsley's claim was correct and that the time limitation language [Great-West] previously referenced [did] not require [it] to entertain previously made or new arguments made more than three years after what was plainly a final decision which Dr. Parsley and Great-West have both treated as such.

22-12459               Opinion of the Court                    7

Great-West, in turn, argued that the court should dismiss the complaint as time-barred because the face of the complaint and documents incorporated by reference made clear that Parsley's lawsuit was untimely.[4] It maintained that each of the three letters it submitted were central to Parsley's claim and affirmed that Great-West issued its final decision more than three years prior to the instant lawsuit, and that no additional discovery was necessary in order to determine finality.[5]

Upon review, the district court granted Great-West's motion to dismiss, concluding that Parsley's complaint was time-barred. The district court determined that the November 2014 letter and the March 2019 letter made "clear that the actual final decision on [Parsley's] appeal occurred no later than November 19, 2014."[6] In support, the district court highlighted that the

---

[4] Great-West noted that Parsley did not dispute that the district court could consider the letters it attached to its motion to dismiss.

[5] Moreover, Great-West contended that, at a minimum, Parsley was on notice via the March 7, 2019, letter that Great-West's decision was final and, at a minimum, Parsley should have filed his lawsuit within three years of that date.

[6] The court noted that, at the motion to dismiss stage, it could consider documents attached to a motion to dismiss if the attached documents were "central to the plaintiff's claim and . . . undisputed, meaning [their] authenticity [was] not challenged." *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) ("[T]he court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed."). Although Parsley did not oppose the district court's consideration of the letters submitted by Great-West and did not challenge their authenticity, "in an abundance of caution," the district court decided that it would "only consider

8                    Opinion of the Court                    22-12459

November 2014 letter stated that Great-West's "determinations regarding the termination of Parsley's coverage . . . remained unchanged" and Great-West had "no alternative but to maintain [its] denial of benefits based on the fact that there was no coverage in effect at the time [Parsley's] total disability commenced." The district court explained that this unambiguous language demonstrated that the letter constituted a final decision "because it definitively denie[d] the appeal and [gave] no indication that there [would] be further consideration of the appeal." Furthermore, the district court explained that, under Illinois law, an insured's repeated requests for modification of a prior final decision do not toll the limitation period. In other word's Parsley's contentions that each letter from Great-West in response to his repeated requests for Great-West to reconsider its decision constituted a new final decision from which the limitations period ran anew failed. Accordingly, the district court dismissed the complaint as time-barred. Parsley, proceeding *pro se*, filed a timely appeal of the dismissal.

## II.    Discussion

Liberally construing Parsley's briefs,[7] he argues that the district court erred in dismissing the complaint as time-barred

those pieces of correspondence both referenced in [Parsley's] Complaint and attached in the [motion to dismiss]"—*i.e.*, the November 2014 denial letter and the March 2019 denial letter.

[7] We note that Parsley does not cite any case law or legal authority in his briefs. This fact alone provides a basis for us to affirm the district court because he effectively abandoned his claims. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739

22-12459                Opinion of the Court                9

because the April 2019 letter initiated the running of the limitation period, and it "was the first time Great-West used the term final decision."[8] He also notes that Great-West never told him to not "send any more appeals" in the prior denial letters.[9]

---

F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) (explaining that "an appellant's brief must include an argument containing appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies," and that "simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal"); *see also GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (explaining that although *pro se* pleadings are to be liberally construed, a court may not "serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action"), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). Nevertheless, we set aside the abandonment issue and address the claims that Parsley preserved for appeal.

[8] This assertion is belied by the record. In its March 7, 2019, letter Great-West stated that it "issued a final decision in response to [Parsley's] appeal in a letter dated November 19, 2014."

[9] Parsley also argues for the first time that the three-year limitation period in the policy does not apply to him because he was "never informed of its existence" and "never received a booklet" concerning the policy, despite his requests for one over the years. Rather, he maintains that the applicable statute of limitations for a breach of contract claim under Illinois law is 10 years. On the other hand, he also asserts for the first time in his reply brief that he was unaware that Illinois law governed the policy. However, in the district court proceedings, Parsley expressly conceded in his counseled response to the motion to dismiss that Illinois law governed the issues in this

We review *de novo* a district court's ruling on a motion to dismiss, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

"Illinois law recognizes limitation periods as valid contractual provisions in an insurance contract." *Am. Access Cas. Co. v. Tutson*, 948 N.E.2d 309, 312 (Ill. App. Ct. 2011). Here, Parsley's policy, which he attached to his complaint, established a three-year limitation period from the date of Great-West's "final decision on the appeal." Parsley does not dispute that he received a letter in November 2014 denying his appeal. Rather, he argued below that the letter did not represent a final decision, in large part because it did not contain the words "final decision" and because no one told him to stop filing appeals. We disagree.

Even assuming arguendo that we accepted Parsley's argument that he did not understand that the November 2014 letter was Great-West's final decision on his appeal, his complaint

case and that the applicable statute of limitations was three years. Thus, he failed to preserve for appeal any challenge to the applicability of Illinois law or the three-year statute of limitations period. *See Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994) (providing that "an issue not raised in the district court and raised for the first time in an appeal will not be considered by this Court"). Consequently, we do not address these issues.

Additionally, Parsley disputes the merits of Great-West's decision to deny his disability claim and its conclusion that he did not have effective coverage. The merits of Great-West's decision to deny Parsley's disability claim was not an issue before the district court, and, therefore, is not properly before us.

was still time-barred.  Specifically, in its March 7, 2019, letter, Great-West expressly stated that it had "issued a final decision in response to [Parsley's] appeal in a letter dated November 19, 2014." Thus, there can be no debate that, at the latest, Parsley knew that there had been a "final decision" in his case as of March 7, 2019, triggering the three-year limitation period.[10]  And even if the three-year limitation period ran from the March 7, 2019, letter, Parsley's complaint filed on April 1, 2022, was outside that three-year window.

To the extent that Parsley's arguments suggested that the appeal was not final because Great-West continued to accept his letters seeking reconsideration and respond to them in 2019, his claim fails under Illinois law.  Specifically, Illinois statute § 143.1 governs the tolling of contractual limitation periods like the one here.  *Am. Access Cas. Co.*, 948 N.E.2d at 312; *see also* 215 Ill. Comp. Stat. 5/143.1.  Section 143.1 provides that when, as here, an insurance policy "contains a provision limiting the period within which the insured may bring suit, the running of such period is tolled from the date proof of loss is filed, in whatever form is required by the policy, until the date the claim is denied in whole or in part." 215 Ill. Comp. Stat. 5/143.1.  In *Vala v. Pac. Ins. Co.*, the plaintiff made a similar claim to that of Parsley, and argued that his policy's one-year limitation period was tolled while the insurance

_____

[10] In light of the notification in the March 7, 2019, letter that Great-West's decision was final, we need not decide whether the March and November 2014 letters were final decisions.

company reinvestigated his claim following the initial denial, and, therefore, his complaint was timely filed. 695 N.E.2d 581, 582–83 (1998). The Appellate Court of Illinois rejected this argument and held that, under § 143.1, unless the insurance company rescinds its denial of the claim, "[t]he period of time between [the insured's] receipt of [the insurance company's] denial and the reaffirmation of [the company's] denial does not constitute time that can be tolled." *Id.* at 584. Rather, tolling of the limitations period ceases "upon the date of the original (and never rescinded) denial pursuant to [§] 143.1." *Id.* Thus, under § 143.1 and *Vala*, Great-West's continued acceptance of Parsley's requests for reconsideration did not otherwise toll the applicable three-year limitation period, which began to run on November 19, 2014, when Great-West denied Parsley's appeal.

Accordingly, for the above reasons, the district court did not err in dismissing Parsley's complaint as time-barred.

**AFFIRMED.**