2020 IL App (1st) 190610-U
No. 1-19-0610

SECOND DIVISION
March 24, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| DIRECT AUTO INSURANCE CO., | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 16 CH 15555 |
| | ) | |
| MARIA REYNOSA and RANDY GUTIERREZ, | ) | |
| Individually and as Father and Next Friend to | ) | The Honorable |
| KHRISTOPHER GUTIERREZ and KHAMILA | ) | Celia Gamrath, |
| GUTIERREZ, minors, | ) | Judge Presiding. |
| | ) | |
| Defendants-Appellants. | ) | |

_____

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1       *Held:* The circuit court's order granting summary judgment in favor of the plaintiff insurer and against the defendants is affirmed as to the defendants of majority age, where (1) defendants' counsel forfeited the issue that the insurance policy's notice requirements for uninsured motorist claims violate public policy, and (2) defendants could not assert that section 143.1 of the Insurance Code tolled their claim because defendants' counsel submitted no clear argument or evidence as to when they submitted proof of loss to the insurer. The circuit court's order granting summary judgment is reversed as to the minor defendants where the record requires more factual development as to the minor's age and interest in the case.

¶ 2    Defendant Maria Reynosa was the insured under an insurance policy issued by plaintiff Direct Auto Insurance Company (Direct Auto). Defendants were in a motor vehicle accident with an individual insured by Interstate Bankers Casualty Company (Interstate), and filed suit against the individual. Subsequently, Interstate was ordered into liquidation, and defendants submitted an uninsured motorist claim to Direct Auto. Direct Auto filed suit against defendants for a declaratory judgment that defendants were not entitled to uninsured motorist coverage because they did not file a timely notice of their uninsured motorist claim under the terms of Reynosa's policy. The circuit court granted summary judgment in favor of plaintiff Direct Auto and against defendants.

¶ 3    On appeal, defendants allege that the circuit court erred in granting Direct Auto summary judgment where (1) the 30-day notice provision in the insurance policy issued by Direct Auto violates public policy; (2) it was plain error to apply a time limitation on the uninsured motorist claims of minors Kristopher and Khamila Gutierrez; and (3) section 143.1 of the Illinois Insurance Code (Code) (215 ILCS 5/143.1 (West 2010)) tolled the policy's time limitation. We affirm in part, reverse in part, and remand with instructions.

¶ 4    BACKGROUND

¶ 5    On November 30, 2016, Direct Auto filed a complaint for declaratory judgment. Direct Auto alleged that on June 18, 2011, Reynosa was the named insured under an automobile liability policy issued by Direct Auto. Reynosa operated a vehicle containing passengers Randy, Khristopher, and Khamila Gutierrez (collectively, the Gutierrezes), when they were involved in a motor vehicle accident with Angela Nowaczyk on June 18, 2011. The record reflects that the same law firm that represented defendants following the accident also represented defendants in this case both before the circuit court and on appeal. Reynosa and the Gutierrezes filed suit against Nowaczyk in the circuit court of the Twelfth Judicial Circuit in Will County, Illinois, under case

number 2013 L 0005. However, on August 19, 2015, the circuit court of Cook County ordered Nowaczyk's insurer, Interstate, into liquidation. Direct Auto alleged that on August 23, 2016, "more than one year from the date [Interstate] went into liquidation and more than five years from the date of the accident," defendants notified Direct Auto of their uninsured motorist claim under Reynosa's policy.

¶ 6       Direct Auto attached to its complaint the policy, which stated in relevant part that under Condition 3, "[a]s a condition precedent to coverage, within 30 days of any accident, occurrence or loss, regardless of fault, [Direct Auto] must receive written notice" containing the following information: (1) the time and location of the loss; (2) the full name and address of any known person who occupied a vehicle involved in the loss or who was present when the loss occurred; (3) the purpose of the vehicle's use at the time of the loss; (4) "facts surrounding the loss"; and (5) "[a]ny other information the Company requests in order to conclude its investigation of the loss."

¶ 7       The policy further states the following:

"PART II – UNINSURED MOTORIST COVERAGE

\*\*\*

COVERAGE C: UNINSURED MOTORIST BODIL [*sic*] INJURY and COVERAGE D: UNINSURED MOTORIST PROPERTY DAMAGE.

If you have paid for this coverage(s), have provided prompt and proper notice of the loss pursuant to Condition 3, and have submitted your written claim by certified mail, return receipt requested, for Uninsured Motorist coverage within two (2) years from the date of the accident, unless otherwise set forth herein, we will pay all sums (up to your applicable policy limits) which the named insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor

vehicle because of property damage to a vehicle described in the policy and bodily injury, including death resulting there from [*sic*] sustained by the insured provided that the damages were:

> (1) caused by accident; and

> (2) while 'you' are an occupant in an 'insured automobile' as defined herein, and

> (3) were as a result of the ownership, maintenance or use of such uninsured motor

vehicle.

***

> **'uninsured motor vehicle'** means:

***

> (d) a motor vehicle where on, before, or after the accident date the liability insurer

thereof is unable to make payment with respect to the legal liability of its insured within the limits specified in the policy because of the entry by a court of competent jurisdiction of an order of rehabilitation or liquidation by reason of insolvency on or after the accident date, provided, however, that:

> 1. the insured reported the accident within thirty (30) days of the accident ***; *and*

> 2. the insured notifies the Company of his/her claim under this provision within the

later of either: (a) thirty (30) days from the date of such court order of rehabilitation or insolvency or (b) two (2) years from the date of the accident. To the extent that this provision conflicts with this policy's exclusion for claims submitted to the company more than two years after the accident, this provision shall control."

¶ 8    The policy also contains a provision requiring the insured to submit proof of loss for uninsured motorist claims, which states:

"As soon as practicable any injured person or someone on his/her behalf making claim shall give to the Company written proof, under oath if required, including full particulars of the accident or loss and the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable."

¶ 9 We note that while the parties dispute on appeal whether defendants provided proof of loss and complied with subsection (d)(2) of the notice requirements for uninsured motorist claims, Direct Auto did not clearly dispute, either in its summary judgment motion before the circuit court or before this court, whether defendants reported the accident within 30 days of the accident under subsection (d)(1). Nonetheless, the record contains no evidence that defendants even minimally reported the accident to Direct Auto within 30 days of the accident.

¶ 10 Based on the insurance policy's notice requirements for uninsured motorist claims, Direct Auto requested the circuit court to find the following:

"a) that the Defendants first notified [Direct Auto] of [*sic*] they were making claims under Part II – Uninsured Motorist Coverage more than one year from the date of Interstate's liquidation and more than five years from the date of the accident;

b) that, as such, the loss was not the result of an accident with an 'uninsured motor vehicle' under the provisions of the [Direct Auto] policy; [and]

c) that, as such, [Direct Auto] owes no duty to provide coverage to the Defendant under Part II – Uninsured Motorist Coverage and that the Defendants are not entitled to collect any monies from the [Direct Auto] policy for damages arising from the accident of June 18, 2011 ***. (Emphasis in original.)

¶ 11 On January 25, 2017, Direct Auto moved for default judgment against defendants. An order on February 7, 2017, however, continued the motion for Direct Auto to present a sheriff's affidavit

of service. On February 21, 2017, the circuit court denied Direct Auto's motion for default without prejudice and allowed Direct Auto to re-notice their motion. Direct Auto filed a renewed motion for default on March 3, 2017. Then, on March 30, 2017, the court entered an order signed by defendants' counsel, which denied the renewed motion without prejudice and gave defendants leave to file an appearance and answer within 27 days.

¶ 12    The record suggests, however, that defendants' counsel did not timely file an appearance or answer on behalf of defendants, as yet another renewed motion for default was filed on May 10, 2017. That same day, a court order was entered stating that "no one from [defendants' counsel] or pro se defendants having appeared today, the defendants, through counsel or [pro se], are ordered to file their appearance and answer by 5/24/17." On May 12, 2017, defendants' trial counsel filed an appearance and answer on behalf of all defendants. In their answer, defendants denied that they first notified Direct Auto of their uninsured motorist claim on August 23, 2016.

¶ 13    On July 17, 2017, Direct Auto moved to compel defendants to answer their discovery requests, alleging that defendants had neither responded to discovery nor attempted to contact Direct Auto's counsel. The circuit court granted Direct Auto's motion and ordered defendants to respond to written discovery on or before August 24, 2017. On August 29, 2017, the court continued the matter to September 19, 2017, and on September 19th, the circuit court set a status on discovery for November 8, 2017.

¶ 14    On October 4, 2017, however, Direct Auto brought a second motion to compel, alleging that defendants' counsel (1) had only identified witnesses relevant to the underlying tort case and not Direct Auto's claim; (2) failed to provide complete answers regarding communications with Direct Auto; (3) failed to identify any document supporting defendants' denial that they first notified Direct Auto of their claim on August 23, 2016; and (4) did not produce any documents in

an amended response or incorporate documents provided in prior responses. A court order entered October 24, 2017, reflects that Direct Auto withdrew this second motion to compel without prejudice.

¶ 15 On September 6, 2018, Direct Auto filed a motion for summary judgment, alleging that defendants were not entitled to coverage where they failed to file notice of their uninsured motorist claim within the policy's 30-day period. In support of its motion, Direct Auto presented the affidavit of its claims manager and co-manager for underwriting, who alleged that defendants untimely submitted their first notice of an uninsured motorist claim on August 23, 2016, more than one year from Interstate's liquidation on August 19, 2015, and more than five years from the accident on June 18, 2011.

¶ 16 In response, defendants' counsel cited section 143.1 of the Code (215 ILCS 5/143.1 (West 2010)), which provides:

> "Whenever any policy or contract for insurance *** contains a provision limiting the period within which the insured may bring suit, the running of such period is tolled from the date proof of loss is filed, in whatever form is required by the policy, until the date the claim is denied in whole or in part."

¶ 17 Defendants' counsel asserted that defendants sent a policy demand letter to Interstate on August 2, 2011, and that "[i]t is custom and standard practice to notify one's own insurance provider about a car collision even when the other driver was the cause of the incident." Defendants' counsel claimed that based on this "custom and standard practice," "[i]t would not be out of the ordinary to assume that Plaintiff notified Defendant of this accident within the same time period after the incident." Thus, according to counsel, a question of fact existed as to when they submitted proof of loss to Direct Auto for purposes of section 143.1.

¶ 18    Defendants' counsel also asserted that defendants did not know they would need to file an uninsured motorist claim until August 29, 2015, when Interstate was ordered into liquidation. Counsel thus asserted that defendants' claim was denied in whole under section 143.1 on August 29, 2015. Based on this time frame, defendants' counsel concluded that section 143.1 tolled their claim until August 29, 2015, and defendants timely submitted their claim within the policy's two-year notice limitation.

¶ 19    In the alternative, defendants' counsel argued the following:

"Finally, for public policy reasons, this motion should be denied. The Defendants in this case filed a claim against the at-fault driver's insurance provider after this incident. They were involved in litigation with Interstate *** for almost four years until [Interstate] was liquidated. Plaintiff was unaware that an uninsured motorist claim was necessary that entire time, until the at-fault driver's insurance provider was no more. After discovery of IBCC's insolvency, an uninsured motorist demand letter was sent in November, 2015. Defendants subsequently made attempts to arbitrate this matter with Plaintiff. The arbitration letter sent to Plaintiff on August 23, 2016 was actually the final such letter sent to Plaintiff, not the first. In light of Defendants' good faith participation in a lawsuit against Interstate *** and repeated efforts to notify Direct Auto Insurance Company of this uninsured motorist claim after their own discovery of IBCC's insolvency, policy reasons support denying this motion for summary judgment."

¶ 20    Defendants' counsel attached to the response an unsigned letter dated August 2, 2011, from defendants' counsel to Interstate, which states that defendants' counsel was retained by defendants to represent them in their personal injuries claim. Defendants' counsel also attached an unsigned

notice of attorney's lien sent to Direct Auto by defendants' counsel and dated November 4, 2015, which states:

> "PLEASE TAKE NOTICE that Maria T. Reynosa, Randy Gutierrez, Khristopher Gutierrez (minor) and Khamilia Gutierrez (minor), By: Randy Gutierrez (father) have placed in my hands as their attorney to represent them in suit or collection of claim, demand or cause of action against you growing out of personal injuries sustained as a result of an accident *** on the 18th day of June, 2011."

This notice did not mention any uninsured motorist claim. Also attached to the response was an unsigned August 19, 2016, letter to Direct Auto from defendants' counsel stating, "I am putting you on notice that my clients demand arbitration under the *uninsured motorist* provision on the policy of Maria Reynosa." (Emphasis in original.) Finally, defendants' counsel attached another unsigned letter dated August 23, 2016, in which defendants' counsel informed State Farm Insurance that he represented defendants with respect to Randy Gutierrez's claim under the uninsured motorist provision of his policy with State Farm Insurance.

¶ 21 In reply, Direct Auto asserted that the exhibits attached to defendants' response were never produced during discovery. Even had they been produced, however, Direct Auto asserted that none of the exhibits created a genuine issue of material fact, as none of them showed that defendants had timely notified Direct Auto of their uninsured motorist claim either within two years of the accident or 30 days of the liquidation order. Two of the alleged notices did not even reflect that they were sent to Direct Auto. Direct Auto also noted that defendants failed to cite legal authority supporting their assertions that the notice requirements for uninsured motorist claims violated public policy, or that section 143.1 could toll the notification deadline. As to defendants' section 143.1 argument, Direct Auto additionally asserted that defendant presented no evidence that they

tendered proof of loss to Direct Auto for purposes of section 143.1. Additionally, as to defendants' public policy argument, Direct Auto cited legal authority stating that declaring an insurance policy provision void as against public policy is an extraordinary remedy.

¶ 22     The circuit court entered an order granting summary judgment in favor of Direct Auto and against defendants.[1] The court's order further found that "there is no Uninsured Motorist Coverage for the accident of June 18, 2011." This appeal followed.

¶ 23     ANALYSIS

¶ 24     I. Standard of Review

¶ 25     "[S]ummary judgment is proper only where the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Mashal v. City of Chicago*, 2012 IL 112341, ¶ 49. When determining whether a genuine issue of material fact exists, "a court must construe the pleadings, depositions, admissions, and affidavits strictly against the movant and liberally in favor of the opponent." *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 43 (2004). "If the undisputed material facts could lead reasonable observers to divergent inferences, or where there is a dispute as to a material fact, summary judgment should be denied and the issue decided by the trier of fact." *Pielet v. Pielet*, 2012 IL 112064, ¶ 53. "The burden of proof and the initial burden of production in a motion for summary judgment lie with the movant." *Pecora v. County of Cook*, 323 Ill. App. 3d 917, 933 (2001). Once the movant has satisfied its initial burden, the burden shifts to the respondent, who must "present some factual basis that would arguably entitle [it] to a favorable judgment." (Internal quotation marks omitted.) *Id.* "Summary judgment is a drastic means of disposing litigation and, therefore, should be granted only when the right of

---

[1] While the record on appeal suggests that a hearing was conducted on Direct Auto's motion for summary judgment, the record does not contain a transcript of the proceeding.

the moving party is clear and free from doubt." *Mashal*, 2012 IL 112341, ¶ 49. We review the circuit court's grant of summary judgment *de novo*, and we may affirm the circuit court's grant on any ground apparent from the record. *Filliung v. Adams*, 387 Ill. App. 3d 40, 53 (2008).

¶ 26    II. Public Policy

¶ 27    On appeal, defendants first argue that the circuit court erred in rejecting their argument that Direct Auto's notice requirements for uninsured motorist claims violate public policy. Direct Auto responds that defendants have waived this argument, as their response to Direct Auto's motion for summary judgment did not set forth a specific argument as to why granting Direct Auto summary judgment violated public policy. Direct Auto also asserts that the notice requirements for uninsured motorist claims in its policy are not so restrictive as to violate public policy.

¶ 28    Before reaching the merits of this issue, we must determine whether defendants forfeited the issue on appeal by failing to raise it before the circuit court. We initially note that while courts often use the terms "forfeit" and "waive" interchangeably, we will use the term "forfeiture" when describing the rule that issues that could have been raised, but were not, are barred. See *People v. Blair*, 215 Ill. 2d 427, 443-44 (2005). We will use the term "waiver" when referring to "an express or implied voluntary and intentional relinquishment of a known right." *Illinois Insurance Guaranty Fund v. Nwidor*, 2018 IL App (1st) 171378, ¶ 21.

¶ 29    Generally, an appellant who fails to raise an issue before the circuit court forfeits that issue. *Asian Human Services Family Health Center, Inc. v. Asian Human Services, Inc.*, 2020 IL App (1st) 191049, ¶ 15. "[T]he responsibility of a reviewing court for a just result and for the maintenance of a sound and uniform body of precedent may sometimes override the considerations of [forfeiture] that stem from the adversary character of our system." *Hux v. Raben*, 38 Ill. 2d 223, 225 (1967). However, we cannot ignore the doctrine of forfeiture "if it is clear that the party

claiming forfeiture would have been able to refute or overcome the arguments if it had been given the opportunity to do so in the trial court." *Forest Preserve District of Du Page County v. First National Bank of Franklin Park*, 2011 IL 110759, ¶ 28.

¶ 30    In response to Direct Auto's summary judgment motion before the circuit court, defendants' counsel asserted that it would be against public policy to grant Direct Auto summary judgment, based on their "good faith participation" in a lawsuit against Interstate, and their "repeated efforts to notify Direct Auto" of their uninsured motorist claim. However, counsel presented no argument that the insurance policy itself contained any provisions that violated public policy, or that the court should strike the notice requirements for uninsured motorist claims in Direct Auto's policy. They also cited no legal authority whatsoever explaining the basis of their public policy argument.

¶ 31    Whether an agreement is against public policy depends on the facts and circumstances of the case. *Country Preferred Insurance Co. v. Whitehead*, 2012 IL 113365, ¶ 28.

¶ 32    Given the circumstantial nature of this issue, Direct Auto could have refuted or overcome defendants' public policy claim before the circuit court, had defendants' counsel actually placed at issue whether Direct Auto's uninsured motorist claim notice requirements violated public policy. *Forest Preserve District of Du Page County*, 2011 IL 110759, ¶ 28. This is particularly the case where defendants' response to Direct Auto's summary judgment motion contained no clear explanation as to why defendants' counsel did not bring a claim within 30 days of Interstate's liquidation, having been aware of the nature of defendants' injuries for more than five years. See *Whitehead*, 2012 IL 113365, ¶¶ 34-39 (finding that an insurance policy requiring notice of an uninsured motorist claim within two years of the accident did not violate public policy, where the defendant insured presented "[n]othing of record" indicating that she "lacked information

necessary to pursue her claim against [the insurer] in a timely manner or that she was legally incompetent to do so"). This is an explanation that defendants' counsel in this case should have been able to provide, as the exhibits submitted by defendants at the summary judgment stage—which according to Direct Auto were never produced in discovery—suggest that the same counsel representing defendants before the circuit court and on appeal began representing defendants following the accident, as early as August 2, 2011. If those exhibits are any indication, the same counsel also handled the submission of defendants' notices to the various insurers involved in this case. Nonetheless, we note that defendants' counsel submitted no affidavit, explanation, or evidence regarding the apparent failure to timely file notice under the terms of Direct Auto's policy.

¶ 33    Defendants' counsel failed to raise the issue of whether the notice requirements for uninsured motorist claims under Direct Auto's policy violated public policy. Rather, defendants' counsel largely focused their theory at the summary judgment stage on whether section 143.1 tolled the policy's limitation period. We find defendants have therefore forfeited their public policy claim on appeal, as Direct Auto was not given the opportunity to refute the claim before the circuit court, and the circuit court was not afforded the opportunity to rule on the issue. Accordingly, defendants have failed to preserve this issue for appeal, and we do not reach its merits.

¶ 34    III. Enforcement of Limitation Period against Minors

¶ 35    Defendants also argue on appeal that the circuit court erred in applying a limitation on the minor defendants' uninsured motorist claims, where the supreme court has held that a similar provision violated public policy when applied to a minor. See *Severs v. Country Mutual Insurance Co.*, 89 Ill. 2d 515 (1982) (finding that an insurance policy that required notice of an uninsured motorist claim within two years of the accident violated public policy as set forth in section 143a

of the Code (215 ILCS 5/143a(1) (West 2010)) when applied to a minor). Defendants acknowledge that they failed to raise this issue before the circuit court but assert that we may reach the issue under the plain error doctrine. Direct Auto responds that the circumstances here do not warrant relaxing the doctrine of forfeiture to allow the claim to be asserted on review.

¶ 36    We find that we are currently unable to rule on this issue, as the record prepared by defendants' counsel contains no information regarding the age of the minors or the extent of the minors' injuries, if there were any.[2] The minors' ages are particularly important—without this information, we cannot determine that Randy Gutierrez is still able to represent them as a "next friend" on appeal. See *In the Interest of R.W.*, 176 Ill. App. 3d 868, 874 (1988) ("[A] minor may not even appear or defend in a legal action, but may do so only through a representative or a guardian *ad litem* appointed by the court."); see also 735 ILCS 5/13-211 (2018) ("If the person entitled to bring an action, *** at the time the cause of action accrued, is under the age of 18 years or is under a legal disability, then he or she may bring the action within 2 years after the person attains the age of 18 years, or the disability is removed."). Minor who reach the age of 16 may also have a means of demonstrating that they are a mature minor and therefore capable of enjoying the rights and responsibilities of an adult. See 750 ILCS 30/1 *et seq.* (West 2018) (the Emancipation of Minors Act).

¶ 37    Accordingly, we reverse the judgment of the circuit court as to the minors, and remand the case to the circuit court for further proceedings on the status of the minor defendants and their

---

[2] One of Direct Auto's motions to compel contains a list of potential witnesses that defendants' counsel provided to Direct Auto. Most of the witnesses on this list strangely would have only testified as to defendants' injuries in the underlying tort claim regarding the accident, though not necessarily relevant to this declaratory judgment case. If this list is any indication, minors Khristopher and Khamila Gutierrez *may* have suffered some sort of injury. However, the "injuries" listed appear to be mere boilerplate language and there is no elaboration as to any particular damages the minor defendants suffered.

interest in this case. As to the remaining defendants of majority age, we now consider defendants' claim that section 143.1 of the Code tolled the insurance policy's limitation period.

¶ 38        IV. Section 143.1

¶ 39    Defendants also assert on appeal that the circuit court erred in granting Direct Auto summary judgment, where section 143.1 of the Code tolled the limitation period by which defendants could file notice of an uninsured motorist claim. Direct Auto responds that defendants failed to present any evidence that they submitted proof of loss to Direct Auto and therefore cannot benefit from the section 143.1 tolling provision.

¶ 40    Section 143.1 of the Code states:

> "Periods of limitation tolled. Whenever any policy or contract for insurance, except life, accident and health, fidelity and surety, and ocean marine policies, contains a provision limiting the period within which the insured may bring suit, the running of such period is tolled from the date proof of loss is filed, in whatever form is required by the policy, until the date the claim is denied in whole or in part." 215 ILCS 5/143.1 (West 2010).

This provision was enacted "to prevent insurance companies from sitting on claims, allowing the limitations period to run and depriving insureds of their opportunity to litigate their claims in court." (Internal quotation marks omitted.) *State Farm Mutual Automobile Insurance Co. v. Leon*, 2019 IL App (1st) 180655, ¶ 27.

¶ 41    The purpose of a proof of loss is to provide "the insurer the opportunity to investigate the claim," so that it may "reasonably estimate its rights and liabilities in order to prevent fraud and unjust claims from being asserted" and secure "information as to any possible defense." (Internal quotation marks omitted.) *Maier v. CC Services, Inc.*, 2019 IL App (3d) 170640, ¶¶ 34-35 (finding that a letter that merely served as notice of an attorney's lien did not provide sufficient information

of the claim to constitute proof of loss). For purposes of section 143.1, this court has previously found that an insured submitted sufficient proof of loss, where insurer required the insured to submit " 'particulars' of the loss," and the insurer received "a police report from the accident, an itemized ambulance bill, a paramedics report, an 'Incident Detail' from the Chicago fire department and Tutson's medical bills and records." *American Access Casualty Co. v. Tutson*, 409 Ill. App. 3d 233, 239 (2011).

¶ 42    In moving for summary judgment, Direct Auto met its initial burden in showing that it was entitled to summary judgment, by establishing through affidavit that defendants submitted their uninsured motorist claim more than one year after Interstate's liquidation and more than five years after the accident. *Pecora*, 323 Ill. App. 3d at 933. Thus, the burden shifted to defendants, who were to "present some factual basis that would arguably entitle [them] to a favorable judgment." (Internal quotation marks omitted.) *Id.*

¶ 43    In response to Direct Auto's summary judgment motion, defendants asserted that section 143.1 tolled their claim. Defendants, however, presented no facts or evidence raising a question of fact as to whether defendants or their counsel provided Direct Auto with proof of loss, or any information regarding the accident, prior to Interstate's liquidation. Rather, defendants' counsel asserted in their response that a genuine issue of material fact existed as to whether they submitted proof of loss, because "[i]t would not be out of the ordinary to assume that Plaintiff notified Defendant of this accident within the same time period after the incident." However, a non-movant's "mere assertion" that a genuine issue of material fact exists is not sufficient to survive summary judgment. *Kosten v. St. Anne's Hospital*, 132 Ill. App. 3d 1073, 1081 (1985).

¶ 44    Moreover, as defendants' response to Direct Auto's motion for summary judgment suggests, defendants' counsel appears to conflate the insurance policy's requirement that the

insured submit notice of the accident within 30 days of the accident with the requirement that the insured submit proof of loss. This conflation continues on appeal, as defendants now claim that the insurance policy did not require a specific form of proof of loss in its notice provision. According to defendants, because Direct Auto failed to raise before the circuit court whether defendants submitted notice of the accident within 30 days of the accident, Direct Auto cannot now claim that defendants or their counsel failed to submit proof of loss.

¶ 45    This argument overlooks the fact that the policy has two separate provisions with different requirements for submitting notice of an accident and submitting proof of loss. In requiring notice of an accident, the policy provides that "[a]s a condition precedent to coverage, within 30 days of any accident, occurrence or loss, regardless of fault, [Direct Auto] must receive written notice" stating: (1) the time and location of the loss; (2) the full name and address of any known person who occupied a vehicle involved in the loss or who was present when the loss occurred; (3) the purpose of the vehicle's use at the time of the loss; (4) "facts surrounding the loss"; and (5) "[a]ny other information the Company requests in order to conclude its investigation of the loss." The policy also separately requires proof of loss, stating that, "[a]s soon as practicable," an individual asserting a claim must submit "written proof, *** including full particulars of the accident or loss and the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable." In order to benefit from section 143.1, defendants would need to establish two dates: (1) the date on which defendants presented proof of loss to Direct Auto in the form required by the insurance policy, and (2) the date on which their claim was denied in whole. Defendants failed to present any facts or evidence that could raise a genuine issue of material fact as to whether or when they submitted proof of loss as required by the policy. Thus, they failed to

show that they would be arguably entitled to a favorable judgment based on the section 143.1 tolling provision. *Pecora*, 323 Ill. App. 3d at 933.

¶ 46    In their reply brief, defendants claim that Direct Auto affirmatively waived its requirement that defendants submit proof of loss. See *Pick v. Associated Indemnity Corp.*, 191 Ill. App. 3d 121, 126 (1989) (stating that an insurer will have waived an insurance policy requirement where its words or conduct are inconsistent with the insurer's right to rely on that requirement). According to defendants, by arguing that defendants did not comply with the two-year or 30-day notice requirements for uninsured motorist claims, Direct Auto "denied liability on grounds other than the defendants' failure to file a proof of loss, thus waiving compliance with the proof-of-loss requirement." However, the record contains no indication that defendants ever asserted before the circuit court that they did not need to provide proof of loss, based on a theory that Direct Auto waived the requirement. They also do not clearly explain how Direct Auto's denial of defendants' claim based on their failure to submit notice is inconsistent with Direct Auto's right to additionally rely on the proof of loss requirement. Before the circuit court, defendants did not claim that they did not need to submit proof of loss, but rather asserted that they *had* submitted proof of loss, though they presented no evidence or facts showing that they did. Accordingly, we find that defendants have forfeited this argument. *Asian Human Services Family Health Center, Inc.*, 2020 IL App (1st) 191049, ¶ 15.

¶ 47    Defendants failed to show they would arguably be entitled to a favorable judgment based on the section 143.1 tolling statute, as they presented no facts that could establish they provided proof of loss to Direct Auto. Therefore, as to the defendants of majority age, Reynosa and Randy Gutierrez, we affirm the judgment of the circuit court.

¶ 48     CONCLUSION

¶ 49     For the foregoing reasons, we affirm the judgment of the circuit court as to defendants Reynosa and Randy Gutierrez, and reverse the circuit court's judgment as to minor defendants Kristopher Gutierrez and Khamila Gutierrez. This case is remanded for further proceedings as to the status of Khristopher Gutierrez and Khamila Gutierrez as minors and interested parties in the case.

¶ 50     Affirmed in part, reversed in part, and remanded with instructions.